UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEPHEN HALL,**

    **Plaintiff,**

**vs.**                                                          Case No: 8:06-CV-2359-T-23EAJ

**INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION and UNITED STATES
DEPARTMENT OF LABOR,**

    **Defendants.**
_____/

### REPORT AND RECOMMENDATION

      Before the court is **Plaintiff's Motion for Leave to Proceed In Forma Pauperis** pursuant to 28 U.S.C. § 1915. This matter has been referred to the undersigned by the district judge for consideration and a Report and Recommendation (Dkt. 2). See Local Rules 6.01(b) and 6.01(c), M.D. Fla. For the reasons set forth below, the court recommends that Plaintiff's motion be denied and the action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

      **A. Factual Background**

      Plaintiff filed a motion pro se on December 21, 2006, seeking "relief on the Prohibition Against certain Persons Holding Office pursuant to the United States Codes (29 U.S.C. 504) and (29 U.S.C. 1111) respectively." (Dkt. 1 at 1) Plaintiff alleges that, prior to his conviction in state court for several narcotics violations, he was a member in good standing of both International Longshoreman's Association Locals 1402 and 1759. (Id.) Plaintiff further contends that he had his civil rights restored by the State of Florida and is fully rehabilitated. According to Plaintiff, he

is qualified to hold a position in the union.  (Id.)

Plaintiff filed an Affidavit of Indigency (Dkt. 2) and requests to proceed with these claims in forma pauperis.

By order of February 9, 2007, this court determined that Plaintiff satisfied the eligibility requirements to proceed in forma pauperis and recommended that Plaintiff be found indigent for purposes of § 1915.  (Dkt. 4 at 3)  However, the court found that Plaintiff's complaint, as presently drafted, was frivolous because it contained unsupported conclusory allegations.  (Dkt. 4 at 5-6)  Specifically, Plaintiff failed to provide details regarding the narcotics offenses he committed, the district in which he committed these offenses, the date of his conviction, the date of the end of his incarceration or the date his citizenship rights were restored.  Likewise, Plaintiff's complaint lacked any specificity concerning his claim of rehabilitation.  (Id.)

Although Plaintiff failed to articulate facts sufficient to enable the court to recognize a valid cause of action, the court provided Plaintiff with an opportunity to file an amended complaint within twenty (20) days of the February 9, 2007 order.  (Id.)  Moreover, in deferring the ruling on Plaintiff's motion, the court expressly advised Plaintiff that a failure to file an amended complaint within the specified time period would result in a recommendation that the motion be denied, at a minimum, as well as other possible action.   (Dkt. 4 at 6)

Plaintiff was required to file an amended complaint on or before March 1, 2007.  To date, Plaintiff has not filed an amended complaint.[1]

---

[1] On February 12, 2007, the clerk's office mailed Plaintiff, by certified mail, a copy of the court's order.  On February 20, 2007, the clerk's office received proof of service as to Plaintiff's receipt of the court's order.  (Dkt. 5)

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) be **DENIED**; and

(2)  the action be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**DONE** and **ORDERED** in Tampa, Florida on this 5th day of March, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge